UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GIOVANNI PELAEZ,                          :
                                          :
        Petitioner,              :      04 Civ. 5067 (HB)
                                          :
  -against-                              :      **OPINION & ORDER**
                                          :
JAMES O'CONNELL,                          :
                                          :
        Respondent.[1]           :
-------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge**[*]**:**

    On June 28, 2004, Giovanni Pelaez ("Pelaez") petitioned this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner claims that: (1) his guilty plea was coerced, (2) the motion to withdraw his guilty plea was incorrectly denied, (3) his due process rights were violated when the trial judge admitted the entire court record of the plea proceeding without soliciting objections from the defense, (4) there was insufficient evidence to support a conviction, (5) his counsel was ineffective, and (6) the trial judge was biased against him. For the following reasons, Pelaez's petition for a writ of *habeas corpus* is DENIED.

## I.    BACKGROUND

**A. Factual Background**

    On January 13, 1998, at approximately 8:30 p.m., Angel Morel ("Morel"), a Domino's pizza delivery person, was robbed of $30 at knife point. (Plea Proceeding Tr. at 5:5-10.) Miguel Lara, another pizza delivery person who had been robbed that same night, was riding in a patrol car looking for the three assailants who robbed him and identified Petitioner, his brother Jose Pelaez ("Brother"), and Angel Figueroa at approximately 11:00 p.m as the assailants. (Suppress. Hr'g Tr. at 66:21 – 67:7.)

---

[1] James O'Connell, the named respondent in this action, was the superintendent of the facility where Petitioner was incarcerated when he filed this action. However, given that Petitioner is now incarcerated in the Oneida Correctional Facility, the correct respondent is now Susan O'Connell, the superintendent of the Oneida Correctional Facility. 28 U.S.C. § 2243. In light of Petitioner's *pro se* status, the fact that this will not prejudice Respondent, and in the interest of court efficiency, the Court will deem the petition amended to change the name of the respondent to Susan O'Connell. The Clerk of the Court is directed to terminate James O'Connell as Respondent, add Susan O'Connell, superintendent of Oneida Correctional Facility as the new respondent, and revise the caption of this action accordingly.

[*] Margaret Johnson, a summer 2005 intern in my Chambers, and currently a second year law student at New York University School of Law, provided substantial assistance in the research and drafting of this Opinion.

- 1 -

Petitioner, Brother and Figueroa were subsequently arrested. (Suppress. Hr'g Tr. at 67:8.) At the time of his arrest, Petitioner had in his possession $25 in cash and a Domino's advertisement circular. (Suppress. Hr'g Tr. at 67:8-11.) From Brother, police recovered $14, a metal plumbers tool, and part of a utility knife. (Kevin Spellman, Police Officer, Suppress. Hr'g Tr. at 45:20-24.) Figueroa had a wooden cane, one dollar, and a pocket knife. (Spellman, Suppress. Hr'g Tr. at 46:2-6.) The next evening, Morel identified Petitioner in a line-up as being one of the three men who had robbed him the previous night. (Suppress. Hr'g Tr. at 68:19-24.)

Prior to trial, Petitioner moved to suppress physical and identification evidence. A Suppression hearing was held before New York State Supreme Court Judge James Yates on July 15 and 27, 1998. Following the hearing, the court determined that the line-up's "fillers" were sufficiently close in appearance to Petitioner and that his detention was lawful, and therefore denied Petitioner's motion to suppress. (Suppress. Hr'g Tr. at 71:4-15.)

Following the denial of his motion, Petitioner entered into a plea agreement ("Plea Agreement"). Pursuant to the terms of the Plea Agreement, Petitioner was released until the date set for sentencing, at which time he would be allowed to withdraw his guilty plea of Robbery I and plead to Robbery II, and receive a sentence of 27 to 54 months. (Plea Proceeding Tr. at 3:16 – 4:13.) On October 15, 1998, at the plea allocution, Petitioner withdrew his previously entered not guilty plea and pled guilty in accordance with the terms of the Plea Agreement. (Plea Tr. at 2:17-22.) He was asked several questions by the court as to whether he understood the plea and was told how it would effect his rights. He answered affirmatively to all of the questions. (Plea Tr. at 2:20 – 3:11.) At the end of the plea allocution, when asked if he was guilty of the crime, petitioner answered "yes, but." (Plea Tr. at 5:12.) The sentencing hearing was scheduled for December 3, 1998. Petitioner failed to show and a bench warrant was issued for his arrest. (Plea Withdrawal Hr'g Tr. at 2:18 – 3:2.)

Petitioner's whereabouts were unknown for over three years. Having been arrested for another crime on May 31, 2002, Petitioner was returned on the warrant on June 3, 2002. (Plea Withdrawal Hr'g Tr. at 3:2-9.) On July 29, 2002, Petitioner moved to withdraw his guilty plea from 1998, claiming his innocence and ineffective assistance of counsel. (Plea Withdrawal Hr'g Tr. at 4:6-13.) Petitioner's original counsel, Russell Paisley ("Paisley"), was replaced by James McQueeney of Legal Aid Society. (Plea Withdrawal Hr'g Tr. at 4:13-15.) Judge Yates held a hearing to clarify what Petitioner meant when he said "yes, but" during his plea allocution. The

court denied his motion to withdraw the guilty plea, finding Petitioner was given a complete allocution and that his statements were "completely incredible and self-serving." (Plea Withdrawal Hr'g Tr. at 55:2-5.)

**B. Procedural History**

On November 7, 2002, Petitioner was convicted of First Degree Robbery and sentenced to four to eight years. (Sentencing Hr'g Tr. at 6:2-4.) Petitioner appealed his conviction to the Appellate Division, First Department, which unanimously affirmed Petitioner's conviction. People v. Pelaez, 769 N.Y.S.2d 894, 894 (N.Y. App. Div. 2004). On March 18, 2004, the New York Court of Appeals denied Petitioner leave to appeal. See People v. Pelaez, 778 N.Y.S. 2d 469 (N.Y. 2004). Petitioner subsequently filed this petition for a writ of *habeas corpus*.

## II. STANDARD OF REVIEW

Federal courts have limited power to review criminal convictions from state courts. See Steele v. Duncan, No. 03 Civ. 477, 2004 WL 2334074, at *2 (S.D.N.Y. Oct. 14, 2004) (Baer, J.). Section 2254(d) of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Rompilla v. Beard, 545 U.S. ----, 2005 WL 1421390, at *5 (Jun. 20, 2005); Medellin v. Dretke, 125 S.Ct. 2088, 2099 (2005).

## III. DISCUSSION

**A. Exhaustion of State Remedies**

A state prisoner seeking a writ of *habeas corpus* must first exhaust all available state remedies with respect to the issues raised in his federal habeas petition. See Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003). The purpose of the exhaustion requirement is to provide state courts the opportunity to "correct alleged violations of its' prisoners' federal rights." Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)).

To be considered "exhausted," the federal claim must have been "fairly presented" to state court. See Rosa, 396 F.3d at 217. The presentation requirement is satisfied when the "essential factual and legal premises of his federal constitutional claim" are given to "the highest state court capable of reviewing it." Cotto, 331 F.3d at 237. A petitioner need not refer specifically to the Constitution to present a federal constitutional claim. Rather, a petitioner may either rely on "pertinent federal cases employing constitutional analyses," "state cases employing constitutional analysis in like fact situations," assert the "claim in terms so particular as to call to mind a specific right protected by the Constitution" or make an "allegation of a pattern of facts that is well within the mainstream of constitutional litigation." Rosa, 396 F.3d at 217-8 (citing Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 194 (2d Cir. 1982)). At the same time, however, the Second Circuit has been clear that the New York State Court of Appeals is not required to "look for a needle in a haystack" and claims found merely in attached appellate briefs does not constitute fair presentation. Galdamez v. Keane, 394 F.3d 68, 74 (2d Cir. 2005).

Some claims are procedurally barred in addition to unexhausted when, as here, a petitioner was obligated to raise such record-based claims on direct appeal and failed to do so. N.Y. Crim. Proc. § 440.10(2)(c). Moreover, a petitioner who asserts unexhausted claims cannot seek leave to pursue them because in New York he is only permitted one application for leave. N.Y.Ct. Rules § 500.10(a) (McKinney 2004). There are exceptions. For example, the Second Circuit permits unexhausted, procedurally barred claims to proceed by deeming them exhausted. St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004).

To prevail under this exception, Petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991) (emphasis added). "Cause" for the procedural default is established when "some objective factor external to the defense impeded the petitioner's efforts to comply with the state's procedural rule." Elliot v. Kuhlmann, No. 97 Civ. 2987, 2004 WL 806986, at *8 (S.D.N.Y. Apr. 9, 2004) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).[2] A fundamental

---

[2] Courts have provided specific examples of what would be considered "cause" for a procedural default. See Ellison v. Keane, No. 98 Civ. 2742, 1999 WL 1212485, at *2 (2d Cir. Dec. 15, 1999) ("a showing of ineffectiveness by [petitioner's] appellate counsel could constitute cause for his default"); Jones v. Barkley, No. 99 Civ. 1344, 2004 WL 437468, at *8 (N.D.N.Y. Feb. 27, 2004) ("examples of external factors include interference by officials, ineffective assistance of counsel, or that the factual or legal basis for a claim was not reasonably available at trial or on direct appeal") (internal quotations omitted); but cf. Ellman v. Davis, 42 F.3d 144, 148 (2d Cir. 1994) ("decision

miscarriage of justice "occurs only in extraordinary cases," McClaurin v. Walsh, No. 03 Civ. 6984, 2005 WL 1337550, at *5 (S.D.N.Y. Jun. 3, 2005), "when a constitutional violation probably has caused the conviction of one innocent of the crime." Roccisano v. Menifee, 293 F.3d 51, 61 (2d Cir. 2002) (citation omitted). Actual innocence means factual innocence, not legal insufficiency. Sweet v. Bennett, 353 F.3d 135, 142 (2d Cir. 2003). The Petitioner is required to demonstrate, through new evidence, that "no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329 (1995). New evidence such as "exculpatory evidence, trustworthy eyewitness accounts, or critical evidence," is necessary to warrant that application of the miscarriage of justice exception. Id. at 324.

Construing Petitioner's petition liberally,[3] Petitioner has failed to exhaust his claims of (1) denial of due process rights, (2) insufficient evidence, or (3) trial judge bias. Petitioner failed to make any utterance of these claims in his appellate briefs and did not rely on federal or state cases employing constitutional analysis, nor did he assert a constitutional-like claim to state court. Rosa, 396 F.3d at 217-8.

In contrast, Petitioner's ineffective assistance of counsel claim was mentioned in his motion to withdraw his guilty plea. Petitioner stated that "he [had not] received . . . adequate assistance of counsel." (Pet'r Affirm. Mot. to Withdr. Plea ¶ 13.) However, even this claim was not adequately raised on direct appeal, in his application for leave to appeal, or presented to the highest state court which could hear it. Cotto, 331 F.3d at 237. Assuming *arguendo* that Petitioner relies on his appellate briefs, which were included with his leave application, to satisfy the exhaustion requirement, those, too, failed to present the ineffective counsel claim. See Galdamez, 394 F.3d at 74. As such, Petitioner also failed to exhaust his ineffective assistance of counsel claim.

As for the applicable exceptions, Petitioner failed to present any justification for his failure to raise these four claims (due process violation, insufficient evidence, trial judge bias, and ineffective assistance of counsel) on appeal. There is no indication of any objective factor

---

to withdraw . . . [perfected] appeal simply does not constitute cause for failure to bring the claim"); Lindsey v. Fischer, No. 02 Civ. 1668, 2004 WL 112884, at * 8 (S.D.N.Y. Jan. 23, 2004) ("mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default").

[3] Where a petitioner who lacks expertise appears *pro se,* the court should review a *habeas corpus* petition liberally construed in his favor. See Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). See also Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997); Wright v. Lewis, 76 F.3d 57, 59 (2d Cir. 1996).

external to his defense which prevented him from raising such claims. Elliot, No. 97 Civ. 2987, 2004 WL 806986, at *8 (citing Murray, 477 U.S. at 488).[4] Similarly, Petitioner has failed to present a scintilla of evidence in support of his claim of innocence which would amount to a miscarriage of justice. Instead, he relies solely on his own statements of innocence during various court proceedings and fails to present any evidence to demonstrate that no reasonable trier of fact could have found him guilty of the crime. Schlup, 513 U.S. at 329.

For the aforementioned reasons, Petitioner's claims of (1) denial of due process rights, (2) insufficient evidence, (3) trial judge bias, and (4) ineffective assistance of counsel cannot be reviewed by this Court.

As for Petitioner's fifth and sixth claims for *habeas* relief, that his guilty plea was coerced and that it was error that his motion to withdraw his guilty plea was denied, they were exhausted. Both claims were initially raised in the motion to withdraw his guilty plea and then again on direct appeal. (See Pet'r Affirm. Mo. to Withdraw Plea at ¶ 13); (Pet'r Br. on Appeal at 15.) Petitioner appropriately sought leave to appeal to the highest court able to hear the claim, the Court of Appeals. Cotto, 331 F.3d at 237. Accordingly, this Court will review these two claims.

**B. Plea Agreement**

Petitioner entered into a plea agreement with the government. He claims that (1) the plea is invalid because it was coerced and (2) the denial of his motion to withdraw his guilty plea was error.

1. Plea Coercion

First, Petitioner claims that his plea was unlawfully coerced.

The Supreme Court recently held that a guilty plea "is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 5445 U.S. ----, 2005 WL 1383730, at *5 (Jun. 13, 2005) (emphasis added). A plea is entered "voluntarily" if the defendant is fully apprised of the direct consequences of the plea. Brady v. United States, 397 U.S. 742, 755 (1970). An involuntary plea requires a petitioner to demonstrate that it was the result of "actual or threatened physical harm or . . . mental coercion overbearing the defendant's will." United States v. Juncal, 245

---

[4] This Court need not further inquire into the prejudice requirement because there has been no showing of cause. See Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985).

F.3d 166, 172 (2d Cir. 2001) (citing Brady, 397 U.S. at 750).  At the same time, a defendant is not coerced simply because an attorney gives an "honest but negative assessment of [the client's] chances at trial, combined with advice to enter the plea."  Juncal, 245 F.3d at 172.  Indeed, statements made during plea allocution "carry a strong presumption of verity."  United States v. Couto, 311 F.3d 179, 186 (2d Cir. 2002).

Hindsight is 20/20 and remorse fails to render a guilty plea coerced.  Petitioner has proffered no evidence that he was threatened in any way by his attorney or that he was so overpowered mentally that the guilty plea was against his will.  Brady, 397 U.S. at 750.  At the plea proceeding, Judge Yates conducted a thorough plea allocution.  Petitioner repeatedly stated his desire to plead guilty.  (Plea Proceeding Tr. at 2:20 – 3:11.)  The Court clearly and completely listed all of the rights Petitioner would waive should he enter a guilty plea.  Specifically, the court addressed a trial by jury which would require a unanimous verdict, the right to testify at trial, and the ability to call and cross-examination witnesses.  Following the Judge's comments, Petitioner reiterated his desire to plead guilty.  He answered affirmatively when asked if he had received adequate assistance of counsel.  (Plea Proceeding Tr. at 3:12-15.)  In a direct question as to whether the plea was coerced, the Court asked: "[has] anyone made promises or threats to make you plead guilty?"  Petitioner unequivocally answered "no."  (Plea Proceeding Tr. at 4:18-20.)  Petitioner's statement his during plea allocution that his plea was <u>not</u> coerced is presumed to be truthful.  Couto, 311 F.3d at 186.  Petitioner demonstrated that his plea was entered "knowingly," "voluntarily," and "intelligently," and he was provided with several opportunities to indicate that his plea was coerced or otherwise not voluntary, yet he made no such indication.

Accordingly, Petitioner has not made a showing that his guilty plea was the result of a threat or mental coercion and his petition for a writ of *habeas corpus* on this claim is DENIED.

2. Motion to Withdraw Guilty Plea

Second, Petitioner claims that the trial court erred in its denial of his motion to withdraw his guilty plea.  In that motion, Petitioner claimed that his ineffective assistance of counsel contributed to his decision to plead guilty.  (See Pet'r Affirm. Mo. to Withdraw Plea at ¶ 13.)  Again, the petition is construed liberally.

The Supreme Court requires that a party making an ineffective assistance of counsel claim demonstrate "deficient performance by counsel resulting in prejudice."  Rompilla, 545

U.S. ----, 2005 WL 1421390, at *5 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). An attorney's performance is compared to an "objective standard of reasonableness" "under prevailing professional norms." Rompilla, 545 U.S. ----, 2005 WL 1421390, at *5 (citing Strickland, 466 U.S. at 688). Counsel's judgments are given a "heavy measure of deference." Rompilla, 545 U.S. ----, 2005 WL 1421390, at *5 (citing Strickland, 466 U.S. at 691). The petitioner must therefore demonstrate that "but for" the ineffective assistance of counsel, he would not have pled guilty. United States v. Hernandez, 242 F.3d at 112 (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Petitioner fails to demonstrate that "but for" the ineffective assistance of counsel, he would not have pled guilty. Petitioner met with his attorney at least 10 times during which he discussed the case in general as well as the plea agreement. (Russell K. Paisley, Counsel, Plea Withdrawal Hr'g Tr. at 39:2-12.) Counsel advocated strongly for his client, arranging a plea package which would have allowed Petitioner to be sentenced in accordance with a conviction for Robbery in the Second Degree and a prison sentence of 27 to 54 months. (Plea Proceeding Tr. at 3:16 – 4:13.) Without the plea, petitioner had been facing a *minimum* of 36 to 72 months. (Sentencing Hr'g Tr. at 2:16) (emphasis added).

Accordingly, Petitioner's guilty plea was not coerced and the performance of his counsel was not valid grounds for granting a motion to withdraw a guilty plea and *habeas* relief on this claim is DENIED.

### IV. Conclusion

For the aforementioned reasons, Pelaez's petition for *habeas corpus* is DENIED. The Clerk of the Court is instructed to close this case and any pending motions and remove this case from my docket.

**IT IS SO ORDERED**
New York, New York
July 27, 2005

_____
U.S.D.J.